OUR GARAGE AND WRECKER SER-

VICE [1]; Towing & Recovery
Association of Ohio,
Plaintiffs–Appellees,

v.

CITY OF COLUMBUS; David Wilson;
Bobbie Beavers, Defendants–
Appellants.

No. 00–3409.

United States Court of Appeals,
Sixth Circuit.

Submitted June 7, 2001.

Decided and Filed June 19, 2001.

David A. Ferris (briefed), Carlile, Patchen & Murphy, Columbus, OH, for Plaintiffs-Appellees.

Susan E. Ashbrook (briefed), Columbus City Atty's. Office, Columbus, OH, for Defendants-Appellants.

James G. Burkhardt (briefed), Office of the City of Toledo, Law Dept., Toledo, OH, for Amicus Curiae.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

OPINION

BATCHELDER, Circuit Judge.

Plaintiffs Appellees Ours Garage and Wrecker Service, Inc. ("Ours"), an Ohio corporation operating a towing business in the City of Columbus, and the Towing and Recovery Association of Ohio ("TRAO"), a trade association of tow truck operators, brought suit against the City of Columbus (the "City") and certain of its officials to enjoin enforcement of Chapter 549 of the Columbus City Code (the "towing ordinance"), which regulates consensual towing operations. Specifically, Ours and TRAO alleged that the Interstate Commerce Act ("ICA"), 49 U.S.C. § 14501(c)(1), preempts the towing ordinance, which among other things requires the owners and operators of tow trucks to obtain a license from the City, maintain insurance, and comply with other regulatory requirements. *See generally* City of Columbus, Ohio, Code ch. 549 (1991). On cross-motions for summary judgment, the district court ruled in favor of Ours and TRAO and permanently enjoined the City from enforcing the towing ordinance. This appeal followed.

In *Petrey v. City of Toledo*, 246 F.3d 548, 555, 558–59, 564 (6th Cir.2001), we held that the ICA does not preempt mu-

1. Although the caption of the case has identified the plaintiff as "Our Garage" throughout the course of this litigation, the company's name in fact is "Ours Garage." We will refer to the company as "Ours Garage."

nicipal licensing and safety regulation of non-consensual towing operations when a municipality acts as a market participant, but does preempt other regulation not falling within this narrow exception. On appeal, the City concedes that *Petrey* controls the disposition of this case. Accordingly, we affirm the judgment of the district court permanently enjoining the City's enforcement of these towing provisions.