OUR GARAGE AND WRECKER SER-
VICE [1]; Towing & Recovery Associa-
tion of Ohio, Plaintiffs–Appellees,

v.

CITY OF COLUMBUS; David Wilson;
Bobbie Beavers, Defendants–
Appellants.

No. 00–3409.

United States Court of Appeals,
Sixth Circuit.

May 27, 2011.

Before: BATCHELDER, Chief Judge;
KEITH and MOORE, Circuit Judges.

ALICE M. BATCHELDER, Chief
Judge.

Plaintiffs–Appellees Ours Garage and
Wrecker Service, Inc., and the Towing and
Recovery Association of Ohio brought suit
against the City of Columbus and certain
city officials to enjoin enforcement of
Chapter 549 of the Columbus City Code
(the "towing ordinance"), which regulates
consensual towing operations. The district
court held that the Interestate Commerce
Act, 49 U.S.C. § 14501(c)(1), preempts the
towing ordinance, and this court affirmed.
*Our Garage & Wrecker Serv. v. City of
Columbus,* 257 F.3d 506 (6th Cir.2001).
The Supreme Court subsequently reversed
the decision of this court and remanded
the case for consideration of whether the
towing ordinance qualifies as an exercise
of " 'safety regulatory authority' or other-
wise fall[s] within § 14501(c)(2)(A)'s com-
pass." *City of Columbus v. Ours Garage
& Wrecker Serv., Inc.,* 536 U.S. 424, 442,
122 S.Ct. 2226, 153 L.Ed.2d 430 (2002).
We now remand to the District Court for

---

1. In both the district court and in this court,
the caption of the case has identified the
plaintiff as "Our Garage" throughout the
course of this litigation. The company's
name in fact is "Ours Garage," but we contin-
ue to use "Our Garage" in the caption to
avoid confusion.

proceedings consistent with the Supreme Court's opinion.