NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0361n.06

Case No. 00-3409

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 27, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| OUR GARAGE AND WRECKER SERVICE[1]; TOWING & RECOVERY ASSOCIATION OF OHIO, ) ) ) ) | |
| Plaintiffs-Appellees, ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. ) | |
| ) | |
| CITY OF COLUMBUS; DAVID WILSON; BOBBIE BEAVERS, ) ) ) | |
| Defendants-Appellants. | |

BEFORE: BATCHELDER, Chief Judge; KEITH and MOORE, Circuit Judges.

**ALICE M. BATCHELDER, Chief Judge.** Plaintiffs-Appellees Ours Garage and Wrecker Service, Inc., and the Towing and Recovery Association of Ohio brought suit against the City of Columbus and certain city officials to enjoin enforcement of Chapter 549 of the Columbus City Code (the "towing ordinance"), which regulates consensual towing operations. The district court held that the Interstate Commerce Act, 49 U.S.C. § 14501(c)(1), preempts the towing ordinance, and this court affirmed. *Our Garage & Wrecker Serv. v. City of Columbus*, 257 F.3d 506 (6th Cir. 2001). The Supreme Court subsequently reversed the decision of this court and remanded the case for consideration of whether the towing ordinance qualifies as an exercise of "'safety regulatory

---

[1] In both the district court and in this court, the caption of the case has identified the plaintiff as "Our Garage" throughout the course of this litigation. The company's name in fact is "Ours Garage," but we continue to use "Our Garage" in the caption to avoid confusion.

authority' or otherwise fall[s] within § 14501(c)(2)(A)'s compass." *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 442 (2002). We now remand to the District Court for proceedings consistent with the Supreme Court's opinion.